UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,
        Plaintiff,

v.
                                    Case No. 2:15-CR-11
                                    HON. TIMOTHY P. GREELEY
                                    HON. R. ALLAN EDGAR

THOMAS KEVIN HAMEL,
        Defendant.
_____/

## REPORT AND RECOMMENDATION

Defendant is charged with five counts of sexual exploitation of a minor (contained within each of the five counts is also attempted sexual exploitation of a minor) contrary to 18 U.S.C. §§ 2251(a), (e) and 18 U.S.C. § 2256, and one count of possession of child pornography contrary to 18 U.S.C. § 2252A(a)(5)(B); 18 U.S.C. § 2252A(b)(2); 18 U.S.C. § 2256(8)(A). Presently before the Court is Defendant's Motion to Dismiss the first five counts of the indictment. ECF No. 29. The government responded. ECF No. 35. A hearing was held on the matter on December 18, 2015, at which time a C.D. containing the five videos that serve as the basis of counts one through five were admitted into evidence. The matter is now ready for a decision.

The evidence of record establishes the following. At all relevant times, Defendant was the athletic trainer for the St. Ignace High School ECF No. 30 at 3. Throughout 2007 to 2012, Defendant captured nude or partial nude video images on his cell phone of male minors in the locker room, training room, and weigh-in areas of the school. ECF No. 1 at 1-5; ECF No. 30 at 3. Upon review of the videos, it is clear that Defendant hid his cell phone on his person. The

focus in each of the videos was on the lower abdomen to upper thigh region of the male minors. The minors were unaware that they were being recorded. ECF No. 30 at 3.

Defendant brings this motion to dismiss pursuant to Fed. R. Crim. P. 12(b), providing for dismissal of an indictment for failure to state an offense.  ECF No. 30 at 4.  Under this rule, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." *United States v. McDaniel*, No. 1:05-CR-171, 2006 WL 839095, at *3 (W.D. Mich. Mar. 28, 2006) (quoting Rule 12(b)(2)).  A motion to dismiss an indictment for failure to state an offense falls within this Rule.  *Id.*  "In deciding a motion to dismiss an indictment for failure to state an offense, a court need simply look to the facts alleged and determine whether those facts, 'if proved would establish *prima facie*, the defendant's commission of the crime.'" *Id.* (quoting *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 176 (6th Cir. 1992)).  The court may look beyond "the face of the indictment so long as the court does not decide disputed factual questions that lie within the province of the jury." *Id.* (citing *United States v. Levin*, 973 F.2d 463, 467 (6th Cir. 1992)).

Defendant argues that counts one through five should be dismissed because the facts as alleged do not show that he "**used** minors with the **intent that such minor[s] engage in sexually explicit conduct** for the purpose of producing visual depictions of such conduct" as required under 18 U.S.C. § 2251(a).  ECF No. 30 at 2, 5 (emphasis in original). 18 U.S.C. § 2251 states that:

> (a) Any person who employs, **uses**, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, . . . **with the intent that such minor engage in, any sexually explicit conduct** for the purpose of producing any visual depiction of such conduct[,] . . . shall be punished as provided

> under subsection (e), if such person knows or has reason to know that
> such visual depiction will be transported or transmitted using any
> means or facility of interstate or foreign commerce or in or affecting
> interstate or in affecting interstate or foreign commerce or mailed . .
> . .
>
> (e) Any individual who violates or attempts or conspires to violate,
> this section shall be fined under this title and imprisoned not less than
> 15 years nor more than 30 years . . . .

18 U.S.C. § 2251(a), (e). Defendant argues that the indictment does not sufficiently establish the

elements of "use" and "sexually explicit conduct" under the statute. The government retorted that

this issue is not appropriate for a motion to dismiss given the factual determinations the Court

must make in order to decide the motion, which are issues within the purview of the jury.

*McDaniel*, 2006 WL 839095, at *3 (noting the court may look beyond the face of the indictment

"so long as the court does not decide disputed factual questions that lie within the province of the

jury.").

In regard to the "use" factor, the Sixth Circuit has adopted the Second Circuit's

definition of "use" under 18 U.S.C. § 2251(a):

> Although the word "use" may pose "interpretational difficulties" in
> certain contexts, *id.*, we do not believe that it creates problems here.
> As the Supreme Court pointed out in *Bailey*, the "ordinary or natural"
> meaning of the word "use" can be variously stated as "[t]o convert to
> one's service," "to employ," "to avail oneself of," and "to carry out
> a purpose or action by means of." 516 U.S. at 143, 116 S.Ct. at 506
> (quoting *Smith*, 508 U.S. at 229 [113 S.Ct. 2050]) (internal quotations
> marks omitted). There is undoubtedly an active component to the
> notion of "use." **But that component is fully satisfied for the
> purposes of the child pornography statute if a child is
> photographed in order to create pornography**.
>
> . . . .

Although some of the other actions listed in § 2251(a), such as
"enticing, inducing, and persuading" will most often occur before the
depicted activity, that is not so of the word "use."

. . . .

In short, we believe that the meaning of "use" in § 2251(a) is within
the typical juror's everyday understanding of the word.

*United States v. Wright*, 774 F.3d 1085, 1090-1091 (6th Cir. 2014) (quoting *United States v.*

*Sirois*, 87 F.3d 34, 41 (2d Cir. 1996) (noting the First, Fourth, and Eighth Circuits follow this

interpretation as well) (emphasis added)); *see also United States v. Champion*, 248 F.3d 502, 505

(6th Cir. 2001) (noting also that physical force is not needed to satisfy "use"; rather, mere

inducement, enticement, or employ of a minor suffices).

After hearing arguments and reviewing the video, it is clear that the evidence of

record presents a sufficient factual basis for determining whether the videos fall within the scope

of the term "use" as adopted by the Sixth Circuit. Both parties agree that the videos contain nude

images of male minors in the locker room, weigh-in area, shower, and trainer's office areas of the

high school. While Defendant argues that the videos were not used for the purpose of eliciting a

sexual response in the viewer, this determination is one for the jury to evaluate in light of all the

evidence of record (including the 600 images of child pornography found on Defendant's

computer, which comprise count six of the indictment).

The next issue is whether the images contain sexually explicit conduct under the

statute. To satisfy the second element of sexually explicit conduct under 18 U.S.C. § 2256(2)(A),

the images must show the "actual or simulated . . . *lascivious* exhibition of the genitals or pubic

area of any person." 18 U.S.C. § 2256(2)(A)(v) (emphasis added). To determine whether an

exhibition is "lascivious," the Sixth Circuit has adopted a six part test originally outlined in

*United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986). *See United States v. Daniels*, 653

F.3d 399, 407 (6th Cir. 2011); *United States v. Brown*, 579 F.3d 672, 680 (6th Cir. 2009). The

six *Dost* factors include:

> (1) Whether the focal point of the visual depiction is on the child's genitalia or pubic area;
>
> (2) Whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
>
> (3) Whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
>
> (4) Whether the child is fully or partially clothed, or nude;
>
> (5) Whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;
>
> (6) Whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*Brown*, 579 F.3d at 680. "[T]his list is not exhaustive, and an image need not satisfy every factor

to be deemed lascivious." *United States v. Campbell*, 81 Fed. App'x 532, 536 (6th Cir. 2003).

"Rather, along with any other relevant criteria, including the age of the child, these factors

provide a framework for analyzing the image in its entirety." *Id.* (citing *Dost*, 636 F. Supp. at

832).

        "In determining whether the visual depiction is intended to elicit a sexual response in the

viewer, the Court may consider the context in which the images were taken" pursuant to the

"limited context" test. *United States v. Wright*, No. 1:12-CR-130, 2013 WL 164096, at *6 (W.D.

Mich. Jan. 15, 2013); *see also Brown*, 579 F.3d at 683. This test "permits consideration of the

context in which the images were taken, but limits the consideration of contextual evidence to the circumstances directly related to the taking of the images." *Brown*, 579 F.3d at 683. The limited context test has three factors that "illuminate the context in which photographs were taken":

> (1) where, when, and under what circumstances the photographs were taken,
>
> (2) the presence of other images of these same victim(s) taken at or around the same time, and
>
> (3) any statements a defendant made about the images.

*Brown*, 579 F.3d at 683-84 n.5 ("Testimony from qualified experts about the metadata underlying digital images could be helpful in ascertaining when photographs were taken and whether photographs were taken in sequence."). This test helps factfinders resolve "close judgment calls about whether an image inadvertently focuses on a child's genitalia." *Id.* at 684. Notably, however, courts may not consider factors that do not directly relate to taking the pictures, such as: "past bad acts of the defendant, the defendant's possession of other pornography . . . , and other generalized facts that would relate only to the general 'unseemliness' of the defendant." *Id.*

At the hearing, the parties agreed that *Dost* factors (2), (3), and (5) were not at issue in this case. Therefore, the three *Dost* factors left for the Court to consider are whether the focus of the videos was on the minors' genitalia, whether the children were fully or partially nude, and whether the videos were intended to elicit a sexual response in the viewer. Based upon the undersigned's review of the five videos, it is clear that all of the videos contain images of male minors' genitalia and that at least one minor in each of the videos was fully nude (with many others being partially nude in three of the videos). In regard to whether the videos were

intended to elicit a sexual response in the viewer, the Court finds that there is sufficient evidence

to present to the jury on this issue.

Defendant argued that he raised this motion to dismiss the indictment in order to

challenge the probable cause finding of the grand jury (much like a preliminary hearing allows

for in state court). However, upon review of the videos in question, it is clear that there is

sufficient probable cause to show that Defendant intended to use minors for the purpose of

obtaining sexually explicit conduct. *See* 18 U.S.C. § 2251(a); *see also United States v. Hill*, 142

F.3d 305 (6th Cir. 1998) ("Probable cause requires only a probability or substantial chance of

criminal activity.").

Overall, to rule in Defendant's favor on this motion would require the Court to

invade the province of the jury, which is not permissible at this juncture. *McDaniel*, 2006 WL

839095, at *3 (citing *Levin*, 973 F.2d at 467 (stating the court may look beyond "the face of the

indictment so long as the court does not decide disputed factual questions that lie within the

province of the jury.")). While a motion to dismiss an indictment has previously been raised in

this district, the judge in that case denied the motion for the same reasons this Court does, "I do

not think there is any real authority for granting what is in essence a summary judgment based on

or a Rule 12(b) motion to dismiss based on the pleadings. It would require a review of the

evidence and factual determinations that are properly left to the jury." *United States v. Sims*, No.

1:11-CR-37-01, ECF No. 73 (W.D. Mich. Sept. 1, 2011) (citing the oral opinion located at ECF

No. 201 at 10-11).

Therefore, based on the above-mentioned analysis, the undersigned recommends

that Defendant's Motion to Dismiss (ECF No. 29) be **DENIED.** This does not affect Defendant's

ability to raise a Rule 29 motion after the government has rested its case.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985).


Date:_12/18/2015___                              __/s/ *Timothy P. Greeley*_____
                                                 HONORABLE TIMOTHY P. GREELEY
                                                 UNITED STATES MAGISTRATE JUDGE